UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER HUTTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12784** |
| **UNKNOWN JOHN DOE (JAILER), ET AL.** | **SECTION "G"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.    Factual and Procedural Background

The plaintiff, Christopher Hutton ("Hutton"), is an inmate housed in the Federal Correctional Institution ("FCI-Bennettsville") in Bennettsville, South Carolina. He filed this *pro se* complaint under 42 U.S.C. § 1983 against the defendants, Warden Brandon Pinion and two unidentified jail officers. Broadly construed, Hutton complains that on January 26, 2018, he was stabbed thirteen (13) times by another inmate while he was a federal prisoner housed in the Tangipahoa Parish Jail in Amite, Louisiana.[1] Hutton claims that the attack occurred at 11:30 p.m., well after the dormitory should have been locked down for the night at 10:00 p.m. He asserts that if the dormitory had been properly secured, the inmate could not have entered his cell to stab him.

On August 14, 2019, the Clerk of the United States District Court for the District of South Carolina filed Hutton's complaint, and did so without the filing fee or an application to proceed *in*

---
[1] Hutton refers to the prison as the "Amite parish jail."

*forma pauperis*.[2]  The case then was transferred to this Court on September 25, 2019, citing the general venue provisions 28 U.S.C. § 1391.[3]

Upon receipt of the matter, the Clerk of this Court issued a Notice of Deficiency to Hutton requiring him to submit a properly signed and dated form complaint and to submit the filing fee or a certified pauper application.[4]  The Clerk of Court mailed this notice to Hutton at the address provided on the complaint.  The envelope addressed to the plaintiff has not been returned as undeliverable.  Hutton has not responded to the Notice of Deficiency or otherwise contacted the Court about his case.

## II.    Standards of Review

### A.    Standards under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits.  Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and

---

[2]Rec. Doc. No. 1.
[3]Rec. Doc. Nos. 8, 12, 15.
[4]Rec. Doc. No. 17.

substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### B.      Standards for Frivolousness Review

A suit for redress brought by a prisoner is subject to preliminary statutory screening under 28 U.S.C. § 1915A, even if he is not proceeding as a pauper. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Pursuant to § 1915A, the Court is required to *sua sponte* dismiss a case filed by a prisoner upon a determination that it is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Instead, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). In addition, a complaint fails to state

a claim upon which relief can be granted when, after assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Analysis

#### A. Failure to Prosecute

In this case, the plaintiff has neither responded to the Clerk's Notice of Deficiency nor submitted a signed complaint, the required filing fee, or a properly completed request for leave to proceed *in forma pauperis*. The notice of deficiency was mailed to Hutton at the only address provided to the Court. All litigants are obligated to keep the court advised of any address change. LRs 11.1 and 41.3.1. Hutton has not notified the Clerk's Office or the Court that he has been released from the facility or that his address has changed.

In addition, Hutton still has not provided the completed complaint, the filing fee, or a pauper application required to prosecute his case. His failures have resulted in the inability of the Court to properly administer the case. Accordingly, dismissal with prejudice of his complaint is appropriate under Fed. R. Civ. P. 41(b) for his failure to prosecute.

#### B. The Claim is Prescribed

As an alternative or additional grounds for dismissal with prejudice, the Court finds that Hutton's § 1983 complaint is barred by the applicable statute of limitations and can be dismissed for that reason under 28 U.S.C. § 1915A. The Court may raise the limitations or prescription issue *sua sponte* in its frivolousness review of a civil suit filed by a prisoner. *Wilke v. Meyer*, 345 F. App'x 944, 945 (5th Cir. 2009); *Lopez-Vences v. Payne*, 74 F. App'x 398 (5th Cir. 2003) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). "'Dismissal is appropriate if it is clear

from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).  In this case, the untimeliness is clear on the face of the pleadings.

Although § 1983 has no statute of limitations, the one-year Louisiana prescriptive statute, La. Civ. Code art. 3492, applies to suits brought in a Louisiana federal court under § 1983. *Duplessis v. City of New Orleans*, No. 08-5149, 2009 WL 3460269, at *4 (E.D. La. Oct. 26, 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)); *accord James v. Branch*, No. 07-7614, 2009 WL 4723139, at *10 (E.D. La. Dec. 1, 2009) (citations omitted). Federal law, however, determines when a § 1983 claim accrues. *Jacobsen*, 133 F.3d at 319.

When calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file suit and obtain relief." *Duplessis*, 2009 WL 3460269, at *5 (quoting *Wallace*, 549 U.S. at 388) (citing *Jacobsen*, 133 F.3d at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998)); *accord Dixon v. Cooper*, 260 F. App'x 728, 729 (5th Cir. 2007); *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). Determination of when plaintiff knew or should have known of the existence of a possible cause of action has two factors: "(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Id*.; *accord Dixon*, 260 F. App'x at 729.

Hutton asserts that on January 26, 2018, he suffered thirteen (13) stab wounds at the hands of another inmate who was able to enter his cell after the dormitory was supposed to be locked-down for the night. As the victim in that instance, Hutton knew at the time of the impact the existence of the injury underlying the claims he is now pursuing against the Warden and unidentified officers. The events underlying Hutton's claim occurred more than one year prior to the filing of his complaint.

Hutton's complaint was received and filed by the Clerk of the United States District Court for the District of South Carolina on August 14, 2019, more than nineteen (19) months after the incident occurred.[5] In the *pro se* prisoner context, a "mailbox rule" applies which means that the date when prison officials receive the pleading from the prisoner for delivery to the court is considered the time of filing for limitations purposes. *United States v. Petty*, 530 F.3d 361, 363 & n.1 (5th Cir. 2008); *Stevenson v. Anderson*, 139 F. App'x 603, 604 (5th Cir. 2005); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The prisoner bears the burden to make a preliminary showing that he is entitled to the benefit of the prison mailbox rule. *See United States v. Holt*, 650 F. App'x 170 (5th Cir. 2016). In the absence of evidence to the contrary, the federal courts generally presume that the inmate's signature date on the complaint is the date he gave it to prison officials for mailing to the courts. *Accord Toomer v. Cain*, No. 09-7446, 2010 WL 4723365, at *1 n.3 (E.D. La. Jul. 30, 2010) ("Generally, a court will look to the date a prisoner signed his pleading as the earliest date the pleading could have been provided to prison officials for mailing.")

In this case, Hutton did not provide any evidence or indication as to when he presented his pleadings to prison officials for mailing to a federal court and none appear in the record. Hutton also did not date or sign his complaint, and he failed to respond to the Notice of Deficiency

---

[5]Rec. Doc. No. 1, p.1.

requiring him to do so.  The pleading therefore provides nothing on which the Court can base the mailbox rule presumption.  Under these conditions, the federal courts will look to the postmark date on the envelope used by the prisoner to establish the filing date.  *See*, *e.g.*, *Cordora v. Davis*, No. 18-219, 2019 WL 2213885, at *3 n.34 (W.D. Tex. May 22, 2019) (postmark date used because petitioner did not date the pleading); *Turner v. Davis*, No. 18-331, 2018 WL 5288580, at *1 n.3 (N.D. Tex. Jul. 18, 2018) (postmark date used when prisoner did not date petition or certified date pleading given to prison officials); *Henderson v. Davis*, No. 15-2343, 2017 WL 1476301, at *3 (N.D. Tex. Mar. 15, 2017) (petition deemed filed on postmark date because prisoner did not state when she placed it in the prison mail system for purposes of the mailbox rule); *accord United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019) (prisoner "cannot benefit from the prison 'mailbox rule' in the absence of evidence to establish when the pleading was handed to prison officials.").

Hutton's envelope addressed to the District of South Carolina bears a postmark date of August 12, 2019, and that date is deemed to be the filing date.[6]  The events addressed in Hutton's complaint allegedly occurred on January 26, 2018.  The one-year prescriptive period required Hutton to file his complaint within one year of that date, or by Monday, January 29, 2019.[7]  The statute of limitations bars all accrued claims about which Hutton knew or had reason to know before that date.  However, Hutton did not file his complaint until August 12, 2019, almost eight (8) months after the limitations period ended.  Thus, Hutton's claims must be dismissed as frivolous and for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915A because they have prescribed.

---

[6] Rec. Doc. No. 1-3.

[7] The one-year filing period ended Saturday, January 27, 2019, which moved the last day to the next business day, Monday, January 29, 2019.  *See* Fed. R. Civ. P. 6.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Christopher Hutton's § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and alternatively, under 28 U.S.C. § 1915A, because the claims asserted are frivolous and fail to state a claim for which relief can be granted because they are prescribed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[8]

New Orleans, Louisiana, this 15th day of November, 2019.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen (14) days.